ORIGINAL

FILED
U.S. DISTRICT COURT
AUGUSTA DIV.

2005 JAN 26 AM 9: 04

[signature]

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| RAYMOND OUTLER, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CV 104-067 |
| | ) | (Formerly CR 192-108) |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner Raymond Outler ("Petitioner"), an inmate currently confined at the Federal Correctional Institution in Beckley Beaver, West Virginia, has filed with this Court a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. The matter is now before the Court for an initial review of Petitioner's motion as required by Rule 4 of the Rules Governing Section 2255 Proceedings for the United States District Courts.[1] For the reasons set forth below, the Court **REPORTS** and **RECOMMENDS** that the § 2255 motion be **DISMISSED** and that this civil action be **CLOSED**.

---

[1] Originally, the Court dismissed the instant petition as impermissibly successive. (See doc. no. 3, *adopted by* doc. no. 7). This determination was reversed by the Eleventh Circuit Court of Appeals as violative of Castro v. United States, 124 S. Ct. 786 (2003), which places limits upon when a *pro se* pleading which the district court recharacterizes as a § 2255 motion will render subsequent § 2255 motions successive. (See doc. no. 13). However, the Eleventh Circuit "express[ed] no opinion on whether [Petitioner]'s motion [is] timely, an issue which the district court may consider on remand." (Id. at 5).

# I. DISCUSSION

A. **Procedural Background**

According to his motion, on April 13, 1993, Petitioner was convicted of armed bank robbery, use of a firearm during commission of a violent felony, and of possession of a firearm by a convicted felon. (Doc. no. 1, pp. 1-3). On July 1, 1993, the Honorable Dudley H. Bowen, Jr., United States District Judge, sentenced Petitioner to 180 months imprisonment on counts one and three, to be served concurrently, followed by a mandatory, consecutive 60 month sentence on count two. (Id. at 3). Petitioner filed an appeal to the Eleventh Circuit Court of Appeals, but Petitioner's judgment of conviction was affirmed on September 28, 1994. (Id.). According to Petitioner, he then filed a petition for writ of certiorari to the United States Supreme Court, which was "denied in January 1995." (Id.).

Petitioner then attempted to collaterally attack his conviction by filing a motion under Federal Rule of Criminal Procedure 33; Judge Bowen recharacterized this motion as brought pursuant to § 2255 and denied it. Outler v. United States, CV 195-206, doc. no. 1 (S.D. Ga. Dec. 19, 1995). Petitioner unsuccessfully appealed the denial of his Rule 33 motion to the Eleventh Circuit Court of Appeals. Outler v. United States, No. 96-8276 (11th Cir. June 24, 1998). Petitioner next requested permission from the Eleventh Circuit to file a successive § 2255 motion, which was denied on July 8, 2003. In re: Raymond Outler, No. 03-13265-B (11th Cir. July 8, 2003). Unfortunately, at this time the Eleventh Circuit did not address whether Petitioner's Rule 33 motion would in fact render any subsequent § 2255 motion successive.

Petitioner executed the instant § 2255 motion on April 19, 2004. (Doc. no. 1, p. 23).

2

This Court initially denied the motion as successive; the Eleventh Circuit reversed and the case has now been returned to the Court's active docket. (Doc. no. 14). Upon review, the Court determines that the instant motion is time-barred and subject to dismissal on that basis.

**B.     Statute of Limitations**

28 U.S.C. § 2255, as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), provides a one-year statute of limitations for § 2255 motions. According to the AEDPA, the statute of limitations period shall run from the latest of four possible dates:

1. the date on which the judgment of conviction becomes final;

2. the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

3. the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

4. the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255.

Moreover, apart from the possible starting dates outlined above, the Eleventh Circuit has held that the statute of limitations in § 2255 is subject to equitable tolling as well. Johnson v. United States, 340 F.3d 1219, 1226 (11th Cir.), *reh'g en banc denied*, 353 F.3d 1328 (11th Cir. 2003). Equitable tolling can be applied when "extraordinary circumstances that are both beyond [a petitioner's] control and unavoidable even with diligence" have worked to prevent a timely filing. Id. (citing Drew v. Department of Corrs., 297 F.3d 1278,

1286 (11th Cir. 2002) and Sandvik v. United States, 177 F.3d 1269, 1271 (11th Cir. 1999) (*per curiam*)). Nonetheless, equitable tolling is typically applied sparingly, Steed v. Head, 219 F.3d 1298, 1300 (11th Cir. 2000), and is available "only in truly extraordinary circumstances." Johnson, 340 F.3d at 1226. Finally, Petitioner bears the burden of proving his entitlement to such equitable tolling. Jones v. United States, 304 F.3d 1035, 1040 (11th Cir. 2002) (*per curiam*), *cert. denied*, 538 U.S. 947 (2003).

### C.     Petitioner's § 2255 Motion is Untimely.

Here, the Eleventh Circuit affirmed Petitioner's conviction on September 28, 1994, and the Supreme Court denied his petition for writ of certiorari in 1995. Thus, Petitioner's conviction became final in 1995. See Washington v. United States, 243 F.3d 1299, 1300-01 (11th Cir. 2001)(conviction final when Supreme Court denies certiorari or issues decision on the merits). A federal prisoner whose conviction became final prior to the effective date of the AEDPA, April 24, 1996, has one year, or until April 23, 1997, to file a § 2255 motion. Goodman v. United States, 151 F.3d 1335, 1337-38 (11th Cir. 1998)(*per curiam*). Accordingly, Petitioner's time in which to bring a § 2255 motion expired long before the instant motion was executed and filed in 2004. Moreover, Petitioner has outlined no basis for starting the AEDPA clock at some date other than that prescribed by Goodman; nor has he put forth any reason to suppose that the statutory period should be equitably tolled. In sum, the instant petition is time-barred.

## II. CONCLUSION

Based on an initial review of the petition as required by Rule 4 of the Rules Governing Section 2255 Proceedings, the Court **FINDS** that the petition is time-barred by

4

the applicable one-year statute of limitations. Accordingly, the Court **REPORTS** and **RECOMMENDS** that the § 2255 motion be **DISMISSED** and that this civil action be **CLOSED**.

SO REPORTED and RECOMMENDED on this 6th day of July, 2005, at Augusta, Georgia.

_____
W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE

# United States District Court
## Southern District of Georgia

ATTORNEYS SERVED:

Raymond Outler, Pro-se
Amy Lee Copeland, Esq.

CASE NO:      CV104-067
DATE SERVED:  July 26, 2005
SERVED BY:    Cindy Reynolds

☐ Copy placed in Minutes
☐ Copy given to Judge
☑ Copy given to Magistrate