ORIGINAL

FILED
U.S. DISTRICT COURT
AUGUSTA DIV.

2005 AUG 23 AM 8: 52

CLERK B McCarthy
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| RAYMOND OUTLER, | * | |
| | * | |
| Petitioner, | * | |
| | * | |
| v. | * | CV 104-067 |
| | * | (Formerly CR 192-108) |
| UNITED STATES OF AMERICA, | * | |
| | * | |
| Respondent. | * | |

**O R D E R**

The captioned matter, brought pursuant to 28 U.S.C. § 2255, is now before the Court on Petitioner's objections (doc. no. 17) to the United States Magistrate Judge's Report and Recommendation. The Magistrate Judge recommended that Petitioner's § 2255 motion be dismissed as untimely. Upon careful, *de novo* review, and for the reasons explained herein, the Court concurs with the Magistrate Judge's Report and Recommendation

In his objections, Petitioner argues that the Magistrate Judge erred by determining that the instant case is governed by the rule in Goodman v. United States, 151 F.3d 1335, 1337-38 (11th Cir. 1998)(*per curiam*). In Goodman, the Eleventh Circuit explained that a federal prisoner whose conviction became final prior to the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), April 24, 1996, has one year, or until April 23, 1997, to file a § 2255 motion. Id. Under this rule, Petitioner's motion, executed and filed in 2004, is clearly untimely.

Petitioner, however, argues that the start of his AEDPA clock should be delayed

because he was prevented from filing his § 2255 because of a Government-imposed impediment to filing. (Doc. no. 17, p. 2 (citing 28 U.S.C. § 2555 (2)). Petitioner also argues that his § 2255 motion raises a right newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review. (Id. (citing 28 U.S.C. § 2255 (3)). None of these arguments have merit.

First, Petitioner argues (confusingly) that his occupation with prior attempts to challenge his conviction, most notably a motion brought in his criminal case pursuant to Federal Rule of Criminal Procedure 33, amounted to a Government-imposed impediment which prevented him from timely filing the instant motion. In essence, Petitioner argues that the AEDPA period of limitations, as applied in Goodman, should be tolled during the pendency of his prior postconviction litigation in this Court. The Eleventh Circuit has rejected the argument that a federal prisoner's filing of a postconviction motion--either under the Federal Rules of Criminal Procedure or § 2255 itself--presents any occasion for tolling or otherwise delaying the start of the AEDPA clock See Jones v. United States, 304 F.3d 1035, 1040-45 (11th Cir. 2002)( citing Trenkler v. United States, 268 F.3d 16, 24-27 (1st Cir. 2001)(Rule 33 motion does not toll AEDPA period) & United States v. Prescott, 221 F.3d 686, 688-89 (4th Cir. 2000)(same)).

Simply put, Petitioner's prior decision to attempt to use avenues other than § 2255 to challenge his conviction does not excuse his delay in filing a § 2255 motion. Furthermore, it is not apparent to the Court how postconviction litigation begun by Petitioner could ever constitute *Government* action which prevented him from filing a § 2255 motion in timely fashion. Put plainly, Petitioner points to nothing outside of his own lack of diligence which

2

prevented him from filing his § 2255 before his time expired.

Petitioner's argument that his § 2255 motion relies upon a right newly recognized by the Supreme Court is likewise inapposite. Here Petitioner argues that his motion relies upon a right espoused in Castro v. United States, 540 U.S. 375 (2003). It is true that Petitioner correctly relied upon Castro to argue that this Court's prior recharacterization of his Rule 33 motion as brought pursuant to § 2255 did not render the instant § 2255 motion successive. In fact, Petitioner's Castro argument resulted in a successful appeal to the Eleventh Circuit. However, Castro's limit upon when a *pro se* pleading later recharacterized by the district court will render subsequent § 2255 motions *successive* has nothing to do with whether the subsequent motion is *timely*.[1] Simply put, Petitioner's argument that Castro provides him with a "free pass" from operation of the AEDPA statute of limitations is nonsensical.

Accordingly, the Magistrate Judge's Report and Recommendation is **ADOPTED** as the opinion of the Court, the instant § 2255 motion is **DISMISSED**, and this civil action is **CLOSED**.

SO ORDERED this 23rd day of August, 2005, at Augusta, Georgia.

_____
UNITED STATES DISTRICT JUDGE

---

[1] It should perhaps be noted that Castro's subsequent § 2255 motion was timely under the Goodman rule, as it was filed on April 18, 1997. Castro, 540 U.S. at 378.

3

# United States District Court
## Southern District of Georgia

ATTORNEYS SERVED:

Amy Lee Copeland, Esq.
Raymond Outler, Pro-se @ prison

CASE NO: CV104-067
DATE SERVED: August 23, 2005
SERVED BY: Cindy Reynolds

☐ Copy placed in Minutes
☑ Copy given to Judge
☑ Copy given to Magistrate